Miller, Meyerson & Corbo
Gerald D. Miller, Esq. (Id 904792506)
35 Journal Square, Ste. 1105
Jersey City, New Jersey 07044
Tel. (201)333-9000
Fax. (201)333-0918
Attorneys for Defendant
    Vinod Majithia

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KIRAN VUPPALA,<br>    Plaintiff,<br><br>v.<br><br>SRI BIRYANI HOUSE LLC, a New Jersey limited liability co., d/b/a SRI BIRYANI HOUSE, and VINOD MAJITHIA, an individual, And USHA MAJITHIA, an Individual. | Case No. 2:15-cv-06408 (SDW)<br><br>**ANSWER TO THE COMPLAINT and AFFIRMATIVE DEFENSES** |

Defendant Vinod Majithia (Defendant) through his attorneys, Miller, Meyerson and Corbo, files this Answer and Affirmative Defenses to the Complaint of Kiran Vuppala.

<u>**JURISDICTION AND PARTIES**</u>

1.  The allegations set forth in paragraph 1 of the Complaint constitute a statement of legal conclusions, not factual assertions, to which no response is required. To the extent a response is required as to jurisdiction; Defendant denies that this court is vested with jurisdiction.

2. The allegations set forth in paragraph 2 of the Complaint constitute a statement of legal conclusions, not factual assertions, to which no response is required. To the extent a response is required; Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2 of the Complaint and leaves Plaintiff to his proofs.

3. The allegations set forth in paragraph 3 of the Complaint constitute a statement of legal conclusions, not factual assertions, to which no response is required.

4. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4 of the Complaint.

5. Defendant denies the allegations of paragraph 5 of the Complaint to the extent they constitute legal conclusions, not factual assertions, and do not require a response.  To the extent a response is required, Defendants denies the allegations of paragraph five and admits only that Defendant Vinod Majithia is owner of property located at 806 Newark Ave., Jersey City, New Jersey (hereinafter the property).

6. The allegations set forth in paragraph 6 of the Complaint, a restatement of venue in paragraph 2, are legal conclusions, not factual assertions, to which no response is required. To the extent a response is required, Defendant denies knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2 of the Complaint and leaves Plaintiff to his proofs.

**COUNT I-AMERICAN WITH DISABILITIES ACT**

7. The allegations set forth in paragraph 7 of the Complaint constitute a statement of legal conclusions, not factual assertions, to which no response is required.

8. ((including subparts (i)-(v)). The allegations set forth in paragraph 8 (including subparts) of the Complaint constitute a statement of legal conclusions, not factual assertions, to which no response is required.

9. ((including subparts ((i)-(iii)). The allegations set forth in paragraph 9 of the Complaint constitute a statement of legal conclusions, not factual assertions, to which no response is required.

10. The allegations set forth in paragraph 10 of the Complaint constitute a statement of legal conclusions, not factual assertions, to which no response is required. To the extent a response is required, Defendant denies the allegations as the restaurant is currently closed.

11. The allegations set forth in paragraph 11 of the Complaint constitute legal conclusions, not factual assertions, to which no response is required. To the extent a response is required,

Defendant denies the allegations as the restaurant is currently closed.

12.  Defendant denies the allegations of paragraph 12, except to admit that the restaurant is currently closed for substantial remodeling, and it is anticipated that the restaurant will open in full compliance with ADA standards on or about December 31, 2015.

13. Defendant denies the allegations of paragraph 13 as moot in that the restaurant located at 860 Newark Ave., Jersey City, N.J. is currently closed for business, and it is anticipated that it will reopen for business on or about December 31, 2015 in full compliance with all ADA standards.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14 of the Complaint, except to admit that the restaurant located at 860 Newark Ave., Jersey City, N.J. is currently closed for business, and it is anticipated that it will reopen for business on or about December 31, 2015 in full compliance with all ADA standards.

15. Defendant neither  denies nor admits the allegations of paragraph 15 of the Complaint in that they constitute a legal conclusion, not factual assertions, and do not require a response.

16. ((including subparts(i)-(xvii)). The allegations set forth in paragraph 16 of the Complaint (including subparts) constitute legal conclusions, not factual assertions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

17.   Defendant denies the allegations of paragraph 17, in that Defendant invited Plaintiff and his counsel on or about November 16, 2015 to inspect the remodeling plans and to comment.

18. Defendant denies the allegations of paragraph 18.

19. The allegations set forth in paragraph 19 of the Complaint constitute legal conclusions, not factual assertions, to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 19.

20. The allegations set forth in paragraph 20 of the Complaint constitute legal conclusions, not factual assertions, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any attorneys' fees and costs.

21. The allegations set forth in paragraph 21 of the Complaint constitute legal conclusions, not factual assertions, to which no response is required. To the extent a response is required, Defendant denies the allegations that injunctive relief can be granted as the restaurant located at 860 Newark Ave., Jersey City, N.J. is currently closed for business, and it is

anticipated that it will reopen for business on or about December 31, 2015 in full compliance with all ADA standards.

**COUNT II-NEW JERSEY LAW AGAINST DISCRIMINATION**

22. Defendant repeats and incorporates herein his answers to all the prior paragraphs as if set forth at length herein.

23. The allegations set forth in paragraph 23 of the Complaint constitute legal conclusions, not factual assertions, to which no response is required.

24. The allegations set forth in paragraph 24 of the Complaint constitute legal conclusions, not factual assertions, to which no response is required.

25. The allegations set forth in paragraph 25 of the Complaint constitute legal conclusions, not factual assertions, to which no response is required.

26. The allegations set forth in paragraph 26 of the Complaint constitute legal conclusions, not factual assertions, to which no response is required. To the extent a response is required, Defendants neither admits nor denies the allegations and leaves Plaintiff to his proofs.

27. The allegations set forth in paragraph 27 of the Complaint constitute legal conclusions, not factual assertions, to which no response is required.

28. The allegations set forth in paragraph 28 of the Complaint constitute legal conclusions, not factual assertions, to which no response is required.

29. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 29 of the Complaint and leaves Plaintiff to his proofs.

30. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 30 of the Complaint. To the extent a response is required, Defendant denies the allegations in paragraph 30.

31. The allegations set forth in paragraph 31 of the Complaint constitute legal conclusions, not factual assertions, to which no response is required. To the extent a response is required; Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 31 of the Complaint and leaves Plaintiff to his proofs.

32. Defendant denies the allegations contained in paragraph 32 in that the claims are moot, and Plaintiff had been advised on November 16, 2015 that the restaurant is currently closed and is anticipated to open on or about December 31, 2015 in full compliance with the American with Disabilities Act and with the New Jersey Law Against Discrimination, and that the restaurant

had previously offered both takeout and delivery service (within 2-3 miles).

## FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2. The claims in the Complaint are moot.

## THIRD AFFIRMATIVE DEFENSE

3. There is a no real and immediate threat of future harm to Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff lacks standing.

## FIFTH AFFIRMATIVE DEFENSE

5. This court lacks jurisdiction over this action, and Defendant reserves the right to move to dismiss.

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims are barred in whole or part by the doctrines of estoppels, unclean hands and laches.

## SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff failed to provide notice to Defendant of any potential violations of the law prior to filing the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's claims are barred or reduced by his failure to use reasonable diligence  and to make reasonable efforts of mitigate any alleged injuries.

### NINETH AFFIRMATIVE DEFENSE

9. There are no facts to support an award of costs and/or attorneys fees.

### TENTH AFFIRMATIVE DEFENSE

10.  There are no facts to support an award of compensatory damages

### ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff is not entitled to declaratory relief.

### TWELTH AFFIRMATIVE DEFENSE

12. Plaintiff is not entitled to injunctive relief.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.  Plaintiff has waived his right to relief.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.  The Complaint, in whole or in part, is barred by the applicable statute of limitations.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. The conduct alleged by  plaintiff, even if it were true, does not rise to the level necessary to state a claim under the American with Disability Act nor under the New Jersey Law Against Discrimination.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Defendant reserves the right to amend its Answer to add additional affirmative and other defenses or to delete or withdraw such defenses or to add counterclaims as may become necessary after discovery.

### RELIEF REQUESTED

WHEREFORE, Defendant respectfully requests entry of Judgment in its favor:

a.) dismissing the Complaint in its entirety with prejudice,

b.) Awarding Defendant reimbursement for reasonable attorneys' fees and costs incurred in defending this meritless litigation, and

c.) Granting such other and further relief as the Court may deem just and proper.

### DESIGNATION OF TRIAL COUNSEL

Please take notice that GERALD D. MILLER, ESQ. is hereby designated as trial counsel.

                                      MILLER, MEYERSON & CORBO
                                           Attorneys for Defendant Vinod Majithia

DATE: December 9, 2015       By s/Gerald D. Miller
                                              GERALD D. MILLER